IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**BRIAN NORTHCRAFT,**

      **Plaintiff,**

v.                                                   **CIVIL ACTION NO: 2:20-CV-00100**

**WEST VIRGINIA DIVISION OF**
**CORRECTIONS AND REHABILITATION;**
**TIM BOWEN, Superintendent,**
North Central Regional Jail &
Correctional Center;
**CHAD BEAVER, Transport Officer,**
North Central Regional Jail &
Correctional Center;
**TIMOTHY HALE, Transport Officer,**
North Central Regional Jail &
Correctional Center;
**JOHN DOE, Correctional Officer,**
North Central Regional Jail &
Correctional Center,

      **Defendants.**

**PLAINTIFF BRIAN NORTHCRAFT'S MEMORANDUM IN**
**<u>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

      COMES NOW the plaintiff, Brian Northcraft, and in opposition to defendants' Motion to Dismiss states as follows:

**I.**       **STATEMENT OF FACTS**

      Plaintiff was incarcerated at North Central Regional Jail and Correctional Facility, (hereinafter NCRJCF). On or about January 11, 2018, Plaintiff was instructed to enter a shower stall next to his cell by Defendant Hale. Defendant Hale proceeded to spray Plaintiff with O.C. spray unnecessarily and without cause and beat/struck Plaintiff while he was restrained.

Defendants Hale and Beaver then tied Plaintiff's hands (that were cuffed behind his back) to his shackles, effectively hogtying Plaintiff. Defendants then threw Plaintiff into the transport van which caused Plaintiff to hit his head. Plaintiff was restrained this way for approximately two hours during the trip. Additionally, Plaintiff had still not been decontaminated from the O.C. spray at this time.

While Defendants were transporting Plaintiff in the van, Plaintiff hit his face and leg in the vehicle because he was not secured in a seat and had no way to control his movement due to the nature in which he had been restrained. Defendants also stopped the transport van before reaching the courthouse and Defendant Hale sprayed Plaintiff with O.C. again and Plaintiff's head was struck on the wall of the van. Defendant Hale continued to harass and assault Plaintiff on the return ride to NCRJCF. When Plaintiff arrived back at NCRJCF, Defendant Hale forced Plaintiff to spread his buttocks approximately four times and asked Plaintiff how it felt to be sexually exploited.

## II.  STANDARDS FOR REVIEWING MOTIONS TO DISMISS

The standard for sustaining motions to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) is well settled in this Circuit:

> Like the district court, we must assume all well-pled facts to be true, and draw all reasonable inferences in Craddock's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Id*. at 255 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

*Craddock v. Lincoln National Life Insurance Co.*, 2013 U.S. App. Lexis 14797 at *5 to *6 (4th Cir., filed July 22, 2013) (dismissal of action under Rule 12(b)(6) by district court vacated).

Those same principles have been applied to considerations of motions to dismiss in more local decisions:

> In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. *Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.*, 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" *Id*. at 143-44 (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969)); see also *Rogers v. Jefferson-Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir. 1989).

*RG Steele Wheeling, LLC v. Health Plan of the Upper Ohio Valley, Inc.*, 2013 U.S. Dist. 131138 at *8 to *9 (N.D.W.Va., filed September 13, 2013) (Judge Stamp) (most of motion to dismiss overruled). At the same time, Judge Stamp pointed out the narrow parameters of such relief:

> *A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief."* Fed. R. Civ. P. 8(a)(2). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 663-666, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

*Id.* at *9 (emphasis supplied) These same rules were also applied by Judge Berger in *Elkins v. Diversified Collection Services, Inc.,* 2013 U.S. Dist. Lexis 98101 at *7 to *10 (S.D.W.Va., filed July 15, 2013)(Judge Berger)(motion to dismiss sustained in part, overruled in part). Because Plaintiff's Complaint meets or exceeds the pleading requirements under federal law, Defendants' motion should be denied.

III.     **LEGAL ARGUMENT**

**A. Plaintiff's Complaint Sets Forth Separate Facts/Incidents that Support Separate Causes of Action Set Forth in the Complaint.**

Plaintiff's claims for intentional infliction of emotional distress and outrageous conduct do not arise out of the same misconduct as his claims for assault and battery. There are two distinct actions of misconduct in this case that result in Counts I and V of the Complaint. The first misconduct that occurred was when the Defendants sprayed Plaintiff with O.C. spray on multiple occasions, beat/struck plaintiff, failed to properly secure plaintiff in the transport van causing injury, and threatened further injury on Plaintiff during his transport to and from court. This conduct forms the basis for Count V – Assault and Battery. The second misconduct that occurred is when the Defendants forced Plaintiff to spread his buttocks approximately four times and then asked Plaintiff how it felt to be sexually exploited. Complaint at 21. This incident subjected Plaintiff to severe emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity. This conduct forms the basis for Count I – Intentional Infliction of Emotional Distress/ Outrageous Conduct.

In *Settle v. Hall*, (Civil Action No. 2:11-00307)(S.D. W.Va., 2012), the District Court ruled that when an intentional infliction of emotional distress claim arises from a later event, then the *Criss* redundancy does not arise and defendants are not entitled to a judgment as a matter of law on that count. Just as in *Settle*, there are two distinct sets of events in this case. The first misconduct created the claim for assault and battery as laid out in Count V. The second misconduct, when Mr. Northcraft was "sexually exploited," forms the factual basis for Count I of the complaint and is clearly a distinct and separate cause of action.

**B. The Motion is Premature as Discovery has not yet Commenced.**

A dismissal of any claims based on duplicity is premature at this time, even if this Court finds that the first and second causes of action arise out of the same misconduct. The West Virginia Supreme Court case of *Criss v. Criss*, 356 S.E.2d 620 (W.Va. 1987) states it would be inappropriate to allow a plaintiff to recover damages for a duplicitous claim arising from a singular incident. *Criss v. Criss*, 356 S.E.2d 620, 622-23 (W.Va. 1987). Thus, *Criss* stands for the proposition that a jury cannot award damages to a plaintiff twice for the same claim. However, *Criss* does not hold that "duplicitous" claims cannot proceed past a motion to dismiss and into the discovery phase of litigation.

Rule 8(d) of the Federal Rules of Civil Procedure states, "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Federal Rules of Civil Procedure 8(d)(2) (2019). The Federal Rules are designed to allow Plaintiffs and Defendants to argue alternative or hypothetical theories in the pleadings in order to effectively advocate on behalf of their clients without the benefit of having completed the discovery process. In fact, the Federal Rules of Civil Procedure go even further and allow a party to plead claims that are inconsistent with one another in order to adequately protect a client's interests at the outset of a case. Federal Rules of Civil Procedure 8(d)(3) (2019). When a Plaintiff pleads alternative theories, Plaintiff should be allowed to complete discovery in order to determine which legal theories are viable before any claims are dismissed as duplicitous. In the instant case, the elements of Count I and V are different and discovery may prove one Count is a viable legal theory while the other is not. To dismiss one of the Counts before discovery is complete would be premature and may significantly prejudice the Plaintiff, as well as counsel's ability to adequately and zealously represent the interests of his client.

Wherefore, Plaintiff respectfully requests that this Court enter an Order denying Defendants' Motion to Dismiss and awarding Plaintiff's counsel all costs and fees incurred in responding thereto.

BRIAN NORTHCRAFT,
By Counsel,

/s/ Paul M. Stroebel
Paul M. Stroebel, Esquire (Bar #5758)
Stroebel & Stroebel, PLLC
Post Office 2582
Charleston, WV  25329
Telephone: (304) 346-0197
paulstroeb@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**BRIAN NORTHCRAFT,**

    **Plaintiff,**

v.                                                                           **CIVIL ACTION NO: 2:20-CV-00100**

**WEST VIRGINIA DIVISION OF**
**CORRECTIONS AND REHABILITATION;**
**TIM BOWEN, Superintendent,**
North Central Regional Jail &
Correctional Center;
**CHAD BEAVER, Transport Officer,**
North Central Regional Jail &
Correctional Center;
**TIMOTHY HALE, Transport Officer,**
North Central Regional Jail &
Correctional Center;
**JOHN DOE, Correctional Officer,**
North Central Regional Jail &
Correctional Center,

    **Defendants.**

## **CERTIFICATE OF SERVICE**

    I, Paul M. Stroebel, counsel for the Plaintiff, hereby certify that a true and correct copy of the foregoing *"Plaintiff Brian Northcraft's Memorandum in Opposition to Defendants' Motion to Dismiss"* has been served electronically upon all counsel of record this 20th day of October 2020.

                                                                     /s/ Paul M. Stroebel
                                                                     Paul M. Stroebel, Esquire