**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRIAN NORTHCRAFT,

                Plaintiff,

v.                                   CIVIL ACTION NO.   2:20-cv-00100

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion in Limine to Exclude Criminal Convictions* (Document 48), *Motion in Limine to Exclude Plaintiff's Prison Disciplinary Record Unrelated to Subject Incident* (Document 49), *Defendants' Motion in Limine (No. 1) to Exclude Testimony Regarding Accusations of Other Instances of Misconduct* (Document 50), *Defendants' Motion in Limine (No. 2) to Preclude Plaintiff's Alleged Future Damages at Trial* (Document 51), *Defendant's Motion in Limine (No. 3) to Preclude Use of Employment Documents and Evidence Related to Timothy Hale* (Document 52), *Defendants' Motion in Limine (No. 4) to Prohibit Use of the Term "Mace" in Place of OC Spray* (Document 53), *Defendants' Motion in Limine (No. 5) to Bifurcate Plaintiff's Claim for Punitive Damages* (Document 54), *Defendants' Response to Plaintiff's "Motion in Limine to Exclude Criminal Conviction"* (Document 56), *Defendants' Response to Plaintiff's "Motion in Limine to Exclude Plaintiff's Prison Disciplinary Record Unrelated to Subject Incident"* (Document 57), *Plaintiff's Response to Motion in Limine (No. 1)*

*to Exclude Testimony Regarding Accusations of Other Instances of Misconduct* (Document 58), and all attendant documentation.   The Plaintiff did not file a response to the Defendants' motion No. 2, No. 3, No. 4, or No. 5 by the response deadline of June 11, 2021, as set forth in this Court's First Amended Scheduling Order.   For the reasons stated herein, the Court finds that the motions set forth in Documents 50, 51, 52, and 53 should be granted, the motions set forth in Documents 48 and 49 should be granted in part and denied in part, and the motion set forth in Document 54 should be denied.

## DISCUSSION

### A.  *Plaintiff's Motion in Limine to Exclude Criminal Convictions*

The Plaintiff argues that his criminal convictions are not relevant or probative and should therefore be excluded.   However, if such convictions are deemed relevant, the Plaintiff argues they should be excluded by Federal Rule of Evidence 403 because any probative value will be substantially outweighed by the prejudicial effect.   The Defendant claims that the convictions are probative of the Plaintiff's credibility and since his case rests solely on his testimony, the convictions should be admissible.

The Court finds that the Plaintiff's motion in limine to exclude criminal convictions should be granted to exclude all convictions except his conviction for attempted escape.   The Court finds that the convictions of burglary, attempt to commit sexual assault in the second degree and sexual abuse in the first degree are not probative of credibility or of any of the elements or defenses to the claim at issue in the Complaint.   Furthermore, to the extent that these convictions have probative value, it is substantially outweighed by its prejudicial effect, given the nature of the convictions and the claim at issue in the Complaint.   The Plaintiff's conviction for attempted

escape, however, is probative and admissible given the Defendants version of the facts that the precautions undertaken to transport the Defendant were based on his prior attempt to escape.

B. *Motion in Limine to Exclude Plaintiff's Unrelated Prison Disciplinary Record*

The Plaintiff argues that his disciplinary record is not relevant, could be unduly prejudicial, and that he was not disciplined for the event alleged in the Complaint.  He also argues that the Defendants are not expected to testify that they had knowledge of the Plaintiff's disciplinary record.  The Defendants respond that they do not intend to use any evidence related to incidents for which the Plaintiff was disciplined as an inmate.  However, they do intend to use the escape conviction and the "specific instances of conduct by Plaintiff to attempt to escape from custody" which he admitted in his Harrison County guilty plea.   (Document 57 at 2.)

The Plaintiff's motion is granted with respect to the admission of evidence relative to his disciplinary record.  The Defendants, of course, will be permitted to admit evidence of the Plaintiff's escape conviction, itself, as the same is relevant to the defense related to the precautions which were taken to transport the Plaintiff.  However, evidence of the "specific instances of conduct" or the particulars of the escape will be limited to the fact that the attempted escape occurred during transport.   Again, that evidence is probative of the Defendant's claims regarding the precautions that were taken to transport the Plaintiff.

C. *Defendants' Motion to Exclude Other Accused Instances of Misconduct*

The Defendants argue that the Plaintiff has not properly disclosed 404(b) evidence regarding allegations of wrongs or acts committed by the Defendants against the Plaintiff and that evidence of other interactions between Defendant Hale and the Plaintiff should be excluded.   The

Plaintiff's only response is that he expects evidence of the facts contained in paragraphs 10 and 11 of the Complaint to be testified to by both the Plaintiff and Defendant Hale.

After review of the motion and the Plaintiff's response, the Court finds that the motion should be granted.  The Court has very few facts on which to base a decision, but a reading of paragraphs 10 and 11 of the Complaint would indicate that the evidence is being submitted to prove that Defendant Hale acted in conformity with the December 2017 incident.  Thus, the evidence is inadmissible under Rule 404(b) unless somehow "opened up" by the Defendants. Although the Plaintiff argues the prior statements made in 2017 reveal Defendant Hale's motive and state of mind, there is no evidence offered to connect that incident, by motive or otherwise, with the instant case.

### D.  Defendants' Motion to Preclude Alleged Future Damages

The Defendants argue that the Plaintiff has not specifically requested or presented any evidence of future damages and, in response to discovery requests, did not specifically inform the Defendants of such a request.   As noted above, the Plaintiff did not file a response to this motion in limine.

The Court finds that the motion should be granted.   Given the type of injury alleged by the Plaintiff, it is not of a kind that a lay person could determine the future effects of such injury, either physical or emotional.   The Plaintiff did not set forth any evidence or argument regarding the permanency of the injuries or the future effect of such injuries.   The Plaintiff's physical injuries included a chipped tooth and a chemical burn on his forehead.   However, both conditions were treated, and no demonstration has been made that future treatment is necessary.

    *E.  Defendants' Motion to Preclude Employment Documents and Evidence for Timothy Hale*

The Defendants move to exclude evidence of Defendant Hale's employment documents. Specifically, the Defendants move to preclude the Plaintiff from presenting evidence of the allegations and suspension of Defendant Hale related to the sexual harassment of a nurse that took place ten years prior to the events alleged in the Complaint.   Again, the Plaintiff filed no response to this motion.

The Court finds that the motion should be granted.   The Plaintiff has presented no evidence or argument to show how the allegations against, and suspension of, Defendant Hale are relevant.   The alleged offense is not of a similar nature as that at issue in this case and the Plaintiff has set forth no other arguments to support its admission.

    *F.  Defendants' Motion to Prohibit Use of Term "Mace" in Place of OC Spray*

The Defendants move to preclude the Plaintiff or his attorney from referring to OC spray as "mace."   According to the Defendants, mace is more toxic than OC spray, caused more serious effects, and is a manmade substance that is no longer in use.   The Plaintiff did not file a response to this motion.

The Court finds that the motion should be granted.   The chemical used should be referred to by its appropriate and accurate name.   Since no evidence was presented to demonstrate that the substance used was actually "mace," the use of that term to refer to the OC spray is prohibited.

    *G.  Defendants' Motion in Limine to Bifurcate Plaintiff's Claim for Punitive Damages*

The Defendants argue that the Plaintiff's claim for punitive damages should be bifurcated so that the Defendants, particularly the WVDCR, are not prejudiced.   They argue that the Plaintiff

cannot establish punitive damages against the WVDCR, and evidence of punitive damages will confuse the jury and prejudice this Defendant.   The Plaintiff submitted no response to the motion.

The Court finds that the motion should be denied.   Given the allegations in the Complaint, the evidence that supports punitive damages against the individual Defendants will be essentially the same evidence that establishes liability.   As example, evidence demonstrating the nature and extent of the force used, the words spoken, the alleged refusal to remove the OC spray from the Plaintiff, and whether the Plaintiff received medical attention goes toward both the Defendants' liability and punitive damages.   As it relates to the WVDCR, the Court can address any potential prejudice with limiting instructions during the trial, if necessary, and in the final charge at the conclusion of the trial.   Under the alleged facts, bifurcation does not promote judicial economy and the primary concern of potential prejudice or confusion of the jury can be prevented.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *Defendants' Motion in Limine (No. 1) to Exclude Testimony Regarding Accusations of Other Instances of Misconduct* (Document 50), *Defendants' Motion in Limine (No. 2) to Preclude Plaintiff's Alleged Future Damages at Trial* (Document 51), *Defendant's Motion in Limine (No. 3) to Preclude Use of Employment Documents and Evidence Related to Timothy Hale* (Document 52), *Defendants' Motion in Limine (No. 4) to Prohibit Use of the Term "Mace" in Place of OC Spray* (Document 53) be **GRANTED** and that *Defendants' Motion in Limine (No. 5) to Bifurcate Plaintiff's Claim for Punitive Damages* (Document 54) be **DENIED**.   The Court further **ORDERS** that *Plaintiff's Motion in Limine to Exclude Criminal Convictions* (Document 48), and *Motion in Limine to Exclude Plaintiff's Prison Disciplinary Record Unrelated to Subject Incident*

6

(Document 49) be **GRANTED IN PART AND DENIED IN PART**, as more fully set forth herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      June 17, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA